# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA CAROLINA HERNANDEZ, and YOLY MAR ORTIZ,<br><br>Petitioners,<br><br>v.<br><br>CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center; PATRICK DIVVER, Field Office Director, San Diego Field Office, U.S. Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; and PAMELA BONDI, Attorney General, U.S. Department of Justice,<br><br>Respondents. | Case No.:  26cv0903 DMS VET<br><br>**ORDER GRANTING PETITION** |

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition, and Petitioners filed a Traverse.

Petitioners are Venezuelan nationals currently detained at Otay Mesa Detention Center ("OMDC"). (Pet. at 5.)  On November 20, 2024, they lawfully presented

themselves for inspection at the San Ysidro Port of Entry after securing appointments through the CBP One mobile application. (*Id.*)  Upon inspection, Petitioners were paroled into the United States and issued Forms I-94 reflecting parole valid through November 19, 2026.  (*Id.*)

On July 5, 2025, Petitioners appeared for a hearing in San Diego Immigration Court. (*Id.* at 6.)  At the conclusion of the hearing, officers from Immigration and Customs Enforcement ("ICE") detained Petitioners without prior notice or any written termination of parole. (*Id.*)  Petitioners were taken into custody and transported to OMDC, where they remain in custody.  (*Id.*)

On February 12, 2026, Petitioners filed the present case seeking release from custody.  They allege their re-detention while on parole without notice or an opportunity to be heard violated their due process rights.  They also assert the revocation of their parole without any individual assessment or consideration of their factual circumstances violates the Administrative Procedure Act ("APA").  Petitioners also contend their re-detention was arbitrary and capricious and in violation of the APA because it was without explanation. Respondents do not address Petitioners' claims, but instead argue Petitioners are lawfully detained under 8 U.S.C. § 1226(a), and are therefore entitled to a bond hearing.

In *Rodriguez Fernandez v. Noem*, Case No. 25cv3399 DMS KSC, this Court addressed a set of facts and claims similar to those presented here. *Rodriguez Fernandez*, ECF No. 8.  Specifically, the petitioner there (1) entered the United States via an appointment with the CBP One mobile application, (2) was paroled into the United States, and (3) was later re-detained after appearing at a hearing in immigration court. *Id.* at 1-2. The Court agreed with the petitioner that his re-detention without notice or an opportunity to be heard was a violation of his due process rights, and ordered that he be released.  The reasoning of that case applies equally here, and leads to the same conclusion.

Accordingly, the Petition for Writ of Habeas Corpus is granted.  Respondents shall release Petitioners from custody within 48 hours of this Order's filing.  Respondents shall not re-detain Petitioners without first providing a pre-deprivation hearing before a neutral

2

decisionmaker at which Respondents must prove there are material, changed circumstances related to flight risk or danger to the community that warrant Petitioners' re-detention.  The parties shall file a Joint Status Report within 72 hours of this Order's filing, confirming Petitioners have been released.

**IT IS SO ORDERED**.

Dated:  March 18, 2026

Hon. Dana M. Sabraw
United States District Judge

3

26cv0903 DMS VET